NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN W. ESPINOSA, | No. 16-16196 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00668-RCJ-VPC |
| v. | |
| ROBERT BANNISTER; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Benjamin W. Espinosa, a Nevada state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Espinosa failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his medical conditions. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; a difference of opinion concerning the course of treatment, medical malpractice, or negligence in diagnosing or treating a medical condition does not amount to deliberate indifference).

The district court did not abuse its discretion in denying Espinosa's motions for appointment of counsel because Espinosa failed to demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel).

The district court did not abuse its discretion in denying Espinosa's motion for leave to file an amended complaint because the proposed amendment would have been futile. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (setting forth standard of review and explaining that "[f]utility alone can justify the denial of a motion to amend" (citation and internal quotation marks omitted)); *see also Toguchi*, 391 F.3d at 1060 ("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

16-16196

We reject as unsupported by the record Espinosa's argument that the district court erred by denying him an increase in the copywork limit.

Espinosa's motion to strike (Docket Entry No. 33) is denied.

**AFFIRMED.**